IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JEFFREY BRANSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:24-cv-00002-O |
| | § | |
| MUD TRANS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Remand filed by Plaintiff Jeffrey Branson (ECF No. 5), the Response filed by Defendant Mud Trans, Inc. ("MT") (ECF No. 7), and the Joint Status Report filed by all parties (ECF No. 9). On January 29, 2024, United States District Judge Reed O'Connor referred this motion to the undersigned. ECF No. 6.

The parties agree that MT's removal of the case was untimely, and that the Court should remand it. ECF No. 9. Having reviewed the record, the Court agrees. Also, Plaintiff's counsel waives his demands for attorney's fees. *Id.* Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 5) in part, **DENY** Plaintiff's request for attorney's fees, and **REMAND** the case to the 50th Judicial District Court of Baylor County, Texas bearing the Cause No. 11867.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 4, 2024.

                                                Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE